**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TODD CANDELARIA and JEFF HAMM, | No. 16-16346 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-02123-JJT |
| v. | |
| CITY OF TOLLESON, Arizona - a municipal corporation of the State of Arizona; GEORGE GOOD, in his individual and official capacities; WENDY JACKSON, in her individual and official capacities; and REYES MEDRANO, in his individual and official capacities, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John J. Tuchi, District Judge, Presiding

Submitted November 17, 2017[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  RAWLINSON and BYBEE, Circuit Judges, and FRIEDMAN,*** District Judge.

Todd Candelaria and Jeff Hamm, firefighters employed by the City of Tolleson, Arizona, appeal from the district court's grant of summary judgment dismissing their retaliation claims under 42 U.S.C. § 1983 and Arizona state law. They allege that they were disciplined in retaliation for exercising their First Amendment right to:  (1) discuss their union's provision of relief services following a massive fire; and (2) participate in their union's ongoing effort to pass a meet-and-confer policy with the City.  We have jurisdiction under 28 U.S.C. § 1291.  We review a grant of summary judgment de novo.  *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1056 (9th Cir. 2013).  We affirm.

To determine whether a public employer impermissibly retaliated against an employee for engaging in protected speech, the Ninth Circuit employs the five-step inquiry set forth in *Eng v. Cooley*, 552 F.3d 1062, 1070–72 (9th Cir. 2009).  All of the *Eng* factors "are necessary, in the sense that failure to meet any one of them is

        ***      The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

fatal to the plaintiff's case." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 n.4 (9th Cir. 2013) (en banc). This appeal involves the first and third *Eng* factors.[1]

**1.** The first *Eng* factor requires the employee to show that he spoke on a matter of public concern. *Eng*, 552 F.3d at 1070. We agree with the district court that plaintiffs' speech attempting to exclude a non-union member from joining the fire relief efforts did not address matters of public concern. The speech did not reference matters that we have previously deemed to be of public concern, such as government inefficiency, mismanagement, or wrongdoing. *See Desrochers v. City of San Bernardino*, 572 F.3d 703, 712 (9th Cir. 2009). Nor did it shed light on the fire department's ability to respond effectively to life-threatening emergencies, given that it did not address the City's lack of an emergency response plan or public safety concerns. *Cf. Gilbrook v. City of Westminster*, 177 F.3d 839, 866 (9th Cir.), *as amended on denial of reh'g* (9th Cir. 1999) (holding that speech regarding public safety implications of city's decision to reduce fire department

---

[1] This case involves hybrid speech/association claims that are evaluated as a single claim rather than as separate freedom of speech and freedom of association claims. *See Hudson v. Craven*, 403 F.3d 691, 696, 698 (9th Cir. 2005) (applying the balancing test announced in *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968), to "hybrid speech/association claim" where speech was "so intertwined" with alleged association activity). We note that the Ninth Circuit subsequently adopted the so-called *Pickering* balancing test as the fourth *Eng* factor. *See Eng*, 552 F.3d at 1071–72.

3

budget involved matter of public concern).  Furthermore, plaintiffs did not attempt to publicize their speech beyond the fire department.  *See Desrochers*, 572 F.3d at 714.  At most, plaintiffs' speech expressed their personal disagreement with personnel decisions made by the City and is thus appropriately characterized as an "individual personnel dispute[]" that would be of "no relevance to the public's evaluation of the performance of government agencies . . . ."  *Id.* at 710 (internal quotation marks and citations omitted).  Plaintiffs' speech relating to the fire relief efforts therefore is not entitled to First Amendment protection.

**2.**  The district court determined that, although plaintiffs raised a material issue of fact as to whether the content of a separate set of speech and association activity related to the union's meet-and-confer policy addressed a matter of public concern, its form and context rendered it unprotected.  *See id*. at 709 (burden on plaintiff to show speech addressed matter of public concern based on content, form, and context of a given statement).  We need not address this determination on appeal because we conclude that the evidence was insufficient for a reasonable jury to conclude that plaintiffs' meet-and-confer-related activity was a substantial or motivating factor in the adverse employment action, the third *Eng* factor.  *See infra* at 5.

**3.** The third *Eng* factor requires the employee to show that the protected speech was a substantial or motivating factor in the adverse employment action. *Eng*, 552 F.3d at 1071. To satisfy this factor, an employee may introduce evidence that: (1) the speech and adverse action were proximate in time, such that a jury could infer that the action took place in retaliation for the speech; (2) the employer expressed opposition to the speech, either to the speaker or to others; or (3) the proffered explanations for the adverse action were false and pretextual. *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003).

The district court properly determined that the evidence was insufficient for a reasonable jury to conclude that plaintiffs' speech and association activity relating to the union's meet-and-confer policy was a substantial or motivating factor in the City's adverse employment action. Although plaintiffs claim that the union intensified its advocacy efforts – made a "hard push" – a few months prior to the City's disciplinary action, the record demonstrates that the union had been pursuing a meet-and-confer policy for over ten years. Plaintiffs' ongoing efforts to support the policy were thus not sufficiently proximate in time to give rise to an inference of retaliation. As to the City's alleged opposition to the speech, a single email about the meet-and-confer policy written five years earlier by a City official not directly involved in the disciplinary action is not evidence from which a

5

reasonable jury could conclude that the City opposed the meet-and-confer-related speech.

Finally, plaintiffs presented insufficient evidence to support their allegation that the City used its concerns over attempts to exclude non-union members as a pretext to discipline plaintiffs for their meet-and-confer-related speech. Both plaintiffs had acknowledged the City's concerns about their statements regarding non-union members and acknowledged the relationship between those concerns and the City's disciplinary action. Furthermore, despite plaintiffs' steady advocacy for the meet-and-confer policy for several years, the City did not discipline plaintiffs at any time prior to the statements excluding the non-union member, but did launch an investigation within two weeks of learning of plaintiffs' statements attempting to exclude a non-union member from the fire relief efforts.

**4.** As the district court correctly held, plaintiffs' state-law retaliation claim under A.R.S. § 23-1411(A) fails for the same reason that the First Amendment claims fail: plaintiffs failed to present sufficient evidence that their association with the union was a substantial or motivating factor in the City's adverse employment action. Although Arizona courts have not specified a standard for evaluating claims under A.R.S. § 23-1411(A), courts assessing retaliation claims based on similar provisions of Arizona law have adopted the First Amendment

6

retaliation test.  *See Rowberry v. Wells Fargo Bank NA*, No. 14-cv-1801, 2015 WL

7273136, at \*5–6 (D. Ariz. Nov. 18, 2015) (adopting First Amendment retaliation

test for retaliation claims based on A.R.S. § 23-1501).

**AFFIRMED.**

FILED

DEC 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Candelaria v City of Tolleson*, Case No. 16-16346
**Rawlinson, Circuit Judge, concurring:**

    I concur in the result.